**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SUPERMART # 7, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1129-M |
| | ) | |
| NORTH STAR MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant North Star Mutual Insurance Company's ("North Star")

Motion for Judgment on the Pleadings, and Brief in Support, filed November 7, 2014. On

November 28, 2014, plaintiff Supermart # 7 ("Supermart") responded, and on December 4, 2014,

North Star replied. Based on the parties' submissions, the Court makes its determination.

I.       Background

Supermart filed this action in the District Court of Logan County, State of Oklahoma. On

October 15, 2014, North Star removed this action to this Court. In its Complaint[1], Supermart

alleges it entered into a contract with North Star to provide insurance coverage for its property

and its contents. On May 31, 2013, Supermart's property insured by North Star was damaged in

a wind/hail storm. Supermart alleges that it timely submitted a claim for the property damage due

to the wind/hail storm to North Star and that North Star confirmed the cause of the property

damage was due to the wind/hail storm and that the losses were covered by the terms and

conditions of the insurance policy provided by North Star. Supermart now alleges that North Star

---

[1] Supermart originally filed a Petition [docket no. 1-2] in the District Court of Logan
County, State of Oklahoma. For purposes of this Order, the Court will refer to Supermart's
Petition as Complaint.

has breached its contractual obligations with Supermart by failing to pay Supermart all benefits owed.

Supermart alleges the following causes of action against North Star: (1) breach of contract for failing to pay Supermart all benefits owed; (2) bad faith for violating the Unfair Claims Settlement Practices Act; (3) breach of fiduciary duty; (4) negligence in the procurement of insurance; (5) negligent underwriting; (6) violation of the Oklahoma Consumer Protection Act; and (7) breach of common law duty of good faith and fair dealing. North Star now moves this Court, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings as to the following causes of actions: (1) bad faith for violation of the Oklahoma Unfair Claims Settlement Practices Act[2]; (2) breach of fiduciary duty; (3) negligence in the procurement of insurance; (4) negligent underwriting; and (5) violation of the Oklahoma Consumer Protection Act.

## II.     Standard for Dismissal

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When reviewing a motion for judgment on the pleadings under Rule 12(c), the Court applies the same standard that applies to a Rule 12(b)(6) motion. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a

---

[2] In its response, Supermart voluntarily dismisses this cause of action against North Star, therefore; the Court will not address this cause of action in this Order.

> defendant has acted unlawfully. Where a complaint pleads facts
> that are merely consistent with a defendant's liability, it stops short
> of the line between possibility and plausibility of entitlement to
> relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Finally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

III.    Discussion

A.    Breach of Fiduciary Duty

"In order to prove a claim for breach of fiduciary duty, plaintiff must establish (1) the existence of a fiduciary relationship; (2) a duty arising out of the fiduciary relationship; (3) breach of the fiduciary duty; and (4) damages proximately caused by the breach of duty." *Miller v. Farmers Ins. Grp.*, No. CIV-10-466-F, 2012 WL 8017244, at *15 (W.D. Okla. Mar. 22, 2012). "[A] fiduciary relationship springs from an attitude of trust and confidence and is based on some form of agreement, either expressed or implied, from which it can be said the minds have been met to create a mutual obligation." *Lowrance v. Patton*, 710 P.2d 108, 112 (Okla. 1985). North Star asserts that it does not owe a fiduciary duty to Supermart. Supermart counters and asserts that the insurance contract created a special relationship and, therefore, a fiduciary relationship exists between the parties.

Having carefully reviewed Supermart's Complaint, and presuming all of Supermart's factual allegations are true and construing them in the light most favorable to Supermart, the Court finds that Supermart has failed to state a claim for breach of fiduciary duty against North Star. Supermart alleges "[d]ue to the unequal bargaining power between Plaintiff and Defendant, the quasi-public nature of insurance, and the potential for Defendant to unscrupulously exploit that power at a time when Plaintiff was most vulnerable, a special relationship akin to that of a fiduciary exists between Plaintiff and Defendant." Compl. ¶ 32. However, the Oklahoma Supreme Court has found that the special relationship that exists between an insured and insurer creates a nondelegable duty of good faith and fair dealing. *Wathor v. Mut. Assurance Adm'rs. Inc.*, 87 P.3d 559, 561-562 (Okla. 2004). Since Supermart has already pled a cause of action for breach of the duty of good faith and fair dealing, the Court finds that North Star is entitled to judgment on the pleadings as to Supermart's breach of fiduciary duty claim.

B.    Negligent Procurement of Insurance

"In order to prevail on a claim for breach of contract to procure insurance, a plaintiff must show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so." *Swickey v. Silvey Co.*, 979 P.2d 266, 268 (Okla. Civ. App. 1999). "[A]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured, if by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Smith v. Allstate Vehicle and Prop. Ins. Co.* No. CIV-14-0018-HE, 2014 WL 1382488, slip op. at *2 (W.D. Okla. April 8, 2014) (citing *Swickey*, 979 P.2d at 269). Further, no duty exists upon an insurer to provide an "adequate amount" of coverage when the insurer did not fail to procure insurance for the insured. *See Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App.

2013). North Star asserts that Supermart's Complaint fails to allege it lacked property insurance during the May 31, 2013, wind/hailstorm. Supermart asserts that North Star failed to procure the type of coverage requested and promised to Supermart and, therefore, Supermart's claim is viable.

Having carefully reviewed Supermart's Complaint, and presuming all of Supermart's factual allegations are true and construing them in the light most favorable to Supermart, the Court finds that Supermart has failed to state a claim for negligent procurement of insurance. Specifically, the Court finds that Supermart has failed to show that it lacked property insurance on May 31, 2013, during the wind/hailstorm. Supermart alleges that its "insurance agent procured the subject replacement cost policy for plaintiff." Compl. ¶ 42. Supermart also alleges that "North Star Mutual confirmed that the cause of Plaintiff's property damage claim was due to the wind/hailstorm and that the loss was covered under the terms and conditions of the insurance policy . . . ." *Id.* ¶ 11. Supermart does not allege it did not have insurance coverage during the wind/hail storm, but that:

> Plaintiff's insurance agent and Defendant breached their duties owed to Plaintiff by:
> a.    Procuring an insurance policy that did not serve to actually replace its business and personal property when it was damaged or destroyed by a covered loss.
> b.    Procuring an insurance policy that did not accurately reflect the replacement cost of Plaintiff's dwelling.
> c.    Failing to inform Plaintiff of the limitations of the insurance policy procured for Plaintiff.

*Id.* ¶ 47. As a result of Supermart's failure to demonstrate it lacked property insurance during the May 31, 2013, wind/hailstorm, the Court finds that North Star is entitled to judgment on the pleadings as to Supermart's negligence in the procurement of insurance claim.

<u>C.</u>     <u>Negligent Underwriting</u>

The Oklahoma Supreme Court has "recognized the two causes of action which may be asserted premised on the existence of an insurance contract: an action based on the contract; and an action for breach of the implied duty to deal fairly and in good faith." *Lewis v. Farmers Ins. Co.,* 681 P.2d 67, 69 (Okla. 1983) (internal citation omitted). Further, the Oklahoma Supreme Court has found that "the minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer." *Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1094 (Okla. 2005). North Star asserts that Oklahoma law does not recognize a theory of negligent underwriting and any alleged claims Supermart has against North Star lie in breach of contract and a duty to deal fairly and in good faith. Supermart asserts that all that is needed for a claim of negligence is the establishment of a duty. Supermart further asserts that the Oklahoma Supreme Court has established this duty by stating that "an insurance agent, who undertakes to procure insurance for another is under a duty to exercise reasonable diligence and skill in obtaining such insurance." Plf.'s Resp. at 7 (citing *DeWees v. Cedarbaum*, 381 P.2d 830, 837 (Okla. 1963)).

Having carefully reviewed Supermart's Complaint, and presuming all of Supermart's factual allegations are true and construing them in the light most favorable to Supermart, the Court finds that Supermart has failed to state a claim for negligent underwriting. The Court specifically finds that Supermart has failed to identify any authority showing negligent underwriting is a recognized form of recovery against insurers in Oklahoma. Further, Supermart alleges that "Defendant owed a duty to Plaintiff to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and

adequate coverage once the insurer-insured relationship was established." Compl. ¶ 56. The

Court finds that this allegation is essentially a bad faith claim, and since Supermart has already

pled a cause of action for the breach of the duty of good faith and fair dealing, North Star is

entitled to judgment on the pleadings as to Supermart's negligent underwriting claim.

    D.    <u>Oklahoma Consumer Protection Act</u>

> To recover under the Oklahoma Consumer Protection Act
> ("OCPA"), a consumer must show: "(1) that the defendant engaged
> in an unlawful practice as defined at 15 O.S. (1991), § 753; (2) that
> the challenged practice occurred in the course of defendant's
> business; (3) that the plaintiff, as a consumer, suffered an injury in
> fact; and (4) that the challenged practice caused the plaintiff's
> injury." *Patterson v. Beall,* 19 P.3d 839, 846 (Okla. 2000). An
> unlawful practice includes "a misrepresentation, omission or other
> practice that has deceived or could reasonably be expected to
> deceive or mislead a person to the detriment of that person. Such a
> practice may occur before, during or after a consumer transaction
> is entered into and may be written or oral." 15 Okla. Stat. §§
> 752(13); 753(20).

*Passenger Transp. Specialists Inc. v. Caterpillar Inc.*, No. CIV-12-0732-HE, 2014 WL 5092470,

slip op., at *5 (W.D. Okla. Oct. 9, 2014). Further, "[a]ctions or transactions regulated under laws

administered by the Corporation Commission or any other regulatory body or officer acting

under statutory authority of this state or the United States" are exempted from the OCPA. *See*

Okla. Stat. tit. 15, § 754. North Star asserts that as an insurer its activities and transactions are

regulated by the Oklahoma Department of Insurance and, therefore, are exempt from the OCPA.

Supermart contends that North Star's alleged actions of

> (engaging in unconscionable conduct by accepting insurance
> premiums but refusing to pay benefits due and owing without a
> reasonable basis; offering products that provide illusory coverage;
> offering replacement cost coverage and then not explaining the two
> step process) are not the subject of regulation by the Department of
> Insurance.

Plf.'s Resp. at 8.

Having carefully reviewed Supermart's Complaint, and presuming all of Supermart's factual allegations are true and construing them in the light most favorable to Supermart, the Court finds that Supermart has failed to state a claim for violating the OCPA. Specifically, the Court finds that North Star is an insurer regulated by the Oklahoma Department of Insurance, and Supermart's alleged actions against North Star all fall under the premise of doing business with an insurance company; actions regulated by the Oklahoma Department of Insurance. Since North Star's transactions are exempted from the OCPA, the Court finds North Star is entitled to judgment on the pleadings as to Supermart's violation of the OCPA claim.

## IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendant North Star's Motion for Judgment on the Pleadings, and Brief in Support [docket no. 7] and DISMISSES the following causes of action: (1) Second Cause of Action Bad Faith; (2) Third Cause of Action Breach of Fiduciary Duty; (3) Fourth Cause of Action Negligence in the Procurement of Insurance; (4) Fifth Cause of Action Negligent Underwriting; and (5) Sixth Cause of Action Violations of Oklahoma Consumer Protection Act. [3]

**IT IS SO ORDERED this 20th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The First Cause of Action Breach of Contract and Seventh Cause of Action Breach Common Law Duty of Good Faith and Fair Dealing still remain in this case.